

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2005

# Keita v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Keita v. Atty Gen USA" (2005). *2005 Decisions*. Paper 238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4869

_____

MOHAMED KEITA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On petition for review of a decision and order
of the Board of Immigration Appeals
(BIA No. A73-162-519)

_____

Submitted under Third Circuit LAR 34.1(a)
October 28, 2005

BEFORE: SLOVITER, FISHER and GREENBERG, Circuit Judges

(Filed: November 10, 2005)

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

This matter comes on before this court on Mohamed Keita's petition for review of

an order of the Board of Immigration Appeals ("BIA") entered December 10, 2003,

dismissing his appeal of an immigration judge's order and decision of August 13, 2003, denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. Keita filed his petition pro se and subsequently filed pro se opening and reply briefs. The respondent filed an answering brief. The immigration judge had jurisdiction under 8 C.F.R. §§ 1208.2(b) and 1240.1(a) and the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3)(9). We have jurisdiction under 8 U.S.C. §§ 1252(a) and (b).[1] We stayed Keita's removal by our order of March 2, 2004.

On October 26, 2004, after the clerk of this court submitted the case to a panel of this court for disposition following the filing of the original briefs, we entered an order appointing counsel for him to serve without compensation pursuant to 28 U.S.C. § 1915(e)(1). At the same time we directed that both parties in supplemental briefs should address the following issues: (1) whether the BIA adopted any portion of the immigration judge's analysis or announced that it was deferring to any of the immigration judge's findings, and, if not, whether the court is limited to reviewing only the decision of the BIA and not that of the immigration judge; and (2) whether the BIA or immigration judge, as the case may be, properly analyzed the facts for which it was reasonable to expect corroboration and whether Keita adequately explained his failure to provide

---

[1]Pursuant to Fed. R. App. P. 43(c)(2) we have substituted Alberto Gonzales for John Ashcroft as the respondent in this case. When the proceedings in this case originated, the Immigration and Naturalization Service, as an independent agency within the Department of Justice, administered the enforcement functions of the Immigration and Nationality Act. It ceased to exist, however, as an agency on March 1, 2003, and Congress transferred the INA's enforcement to the Department of Homeland Security.

corroboration.

Appointed counsel from Schnader Harrison Segal & Lewis, Nancy Winkelman, Gittel Hillebrand and Kelly Gable, have filed comprehensive supplemental opening and reply briefs that they further have supplemented by letter dated October 24, 2005, under Federal Rule of Appellate Procedure 28(j) on behalf of Keita, and this Court thanks them for their diligent efforts. The respondent has filed an answering supplemental brief. In deciding this matter the court has considered both the pro se and counseled briefs on behalf of Keita and, of course, respondent's answering briefs. Significantly, in their Rule 28(j) letter, Keita's attorneys contend that section 101(e) of the REAL ID Act of 2005, "codifies [our] existing standards and should not change the analysis of this case."

The parties agree on the answer to the first question we set forth in our October 26, 2004 order. Thus, Keita's counsel in their supplemental brief contend that "[t]his Court is not limited to reviewing the BIA's decision because the BIA adopted the IJ's analysis and made no independent analysis of the case," petitioner's supp. br. at 18, and the respondent in his supplemental answering brief contends the "court should review the immigration judge's decision." Respondent's supp. br. at 2. The parties then go on to analyze the immigration judge's determination, Keita contending that it was not supported "by substantial evidence" and the respondent contending that the judge properly analyzed whether Keita failed to present corroborating evidence in support of his asylum claim. The supplemental briefs, however, do differ in their approach as the Keita brief makes an

3

integrated analysis of his entire case, whereas the respondent's brief only addresses the issues we identified in our October 26, 2004 order and properly refers us to his original brief for the rest of his argument.[2]

We agree with the parties' approach that we review the immigration judge's decision in this case. In this regard we note that they have cited, in part, the same cases which lead us to reach this conclusion. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002); Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

The corroboration issue we identified in our October 26, 2004 order obviously is critical here for if the immigration judge correctly refused to accept Keita's case in the absence of corroboration then the judge properly denied him relief. In this regard, we point out that the immigration judge, after setting forth the background of this case, indicated that "[w]hat's immediately striking about this case is the lack of corroboration in this claim for any aspect of it. And it ultimately proves fatal to the claim because we really do need to expect more of [Keita]." App. to petitioner's supp. br. at 61.

There can be no doubt that in an appropriate case a petitioner's credible testimony standing alone may be sufficient to sustain his burden of proof. Gao, 299 F.3d at 272. Yet corroborating evidence may be necessary for facts for which it is reasonable to expect corroboration. In such a situation in which the petitioner has not supplied corroborating evidence, he should explain adequately why he has not done so. Abdulai, 239 F.3d at

---

[2]We do not suggest that Keita's supplemental briefs are too broad.

4

554.[3]

In fact, Keita essentially did not corroborate his case in any respect. Yet he should have been able to corroborate much of it, for example, the fact that his father had been Secretary of Defense of Guinea. After all, as the immigration judge reasonably noted, Keita has spent a long time in this country and is reasonably well educated. Moreover, prior to this case he had been involved in immigration proceedings. Without corroboration his case collapses.

The petition for review will be denied, and our order of March 2, 2004, staying Keita's removal is vacated.

---

[3]The respondent in his brief points out that the REAL ID Act deals with corroboration issues but we do not consider that act as it is not applicable here as it is prospective only.